UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERBER LIFE INSURANCE COMPANY,

       Plaintiff,

                                      Case Number 12-12368
v.                                      Honorable Thomas L. Ludington

MONICA BISSA and DAVID PARCHA

       Defendants,

and

MONICA BISSA,

       Cross-Claimant,

v.

DAVID PARCHA,

       Cross-Defendant.

_____ /

**ORDER DIRECTING CROSS-CLAIMANT TO PROVIDE
PROOF OF SERVICE OF MOTION AND CANCELLING HEARING**

Cross-Claimant Monica Bissa filed a motion for summary judgment against Cross-Defendant David Parcha on February 11, 2013.  ECF No. 17.  The certificate of service attached to the motion asserts: "I hereby certify that on February 11, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECT [sic] system which will send notification of such filing to: David R. Parcha."  Simply saying it, however, does not make it so.

Mr. Parcha, who is proceeding pro se, is not registered as user of the Court's electronic case filing ("ECF") system.  Consequently, the clerk would not send notice of the filing to Mr.

Parcha.  *See* E.D. Mich. L.R. app. ECF, R. 8(b)–(e).  The Court's published "ECF Policies and

Procedures" explain:

> (b)    Whenever a paper is filed electronically in accordance with these
>        procedures, ECF will generate a NEF [notice of electronic filing] to all
>        filing users associated with that case and to the judge to whom the case is
>        assigned.
>
> (c)    If the recipient is a filing user, the NEF shall constitute service of the
>        paper as if by first class mail. If two or more attorneys appear on behalf of
>        a party, service on one of the attorneys shall be sufficient, unless otherwise
>        required by law.
>
> (d)    A certificate of service on all parties entitled to service or notice is still
>        required when a party files a paper electronically.  The certificate must
>        state the manner in which service or notice was accomplished on each
>        party so served. . . .
>
> (e)    A party who is pro se and not a filing user, or a party excused from
>        electronic filing, is entitled to a hard copy of any paper filed electronically.
>        Service of such copy must be made according to the federal rules of
>        procedure (civil and criminal) and local rules.

*Id.*  The local rules likewise provide that motions "may be served through the court's electronic

transmission facilities as authorized by the court's ECF Policies and Procedures," but only if the

party is "registered as a filing user.  Service of papers on other parties must be according to . . .

the Federal Rules of Civil Procedure."  E.D. Mich. L.R. 5.1.1(b).

Finally, the Federal Rules of Civil Procedure provide that summary judgment motions

"must be served on every party."  Fed. R. Civ. P. 5(a)(1).  And service must be made by either:

> (A)    handing it to the person;
>
> (B)    leaving it:
>
>> (i)    at the person's office with a clerk or other person in charge or, if
>>        no one is in charge, in a conspicuous place in the office; or
>>
>> (ii)   if the person has no office or the office is closed, at the person's
>>        dwelling or usual place of abode with someone of suitable age and
>>        discretion who resides there;

     (C)     mailing it to the person's last known address — in which event service is complete upon mailing;

     (D)     leaving it with the court clerk if the person has no known address;

     (E)     sending it by electronic means if the person consented in writing — in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

     (F)     delivering it by any other means that the person consented to in writing — in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b)(2); see also Fed. R. Civ. P. 5(b)(3) (authorizing use of court's electronic transmission facilities if authorized by local rules).

Here, as noted, Mr. Parcha is not registered as user of the Court's ECF system.  So he did not receive the electronic transmission.  And there is no evidence that he was served personally or by mail.  Before the Court may take up Ms. Bissa's motion, she must provide proof of service on Mr. Parcha.

Accordingly, it is **ORDERED** that Ms. Bissa is **DIRECTED** to demonstrate proof of service on Mr. Parcha on or before April 12, 2013.

It is further **ORDERED** that the hearing scheduled on Ms. Bissa's motion for summary judgment on April 29, 2013, is **CANCELLED**.  A new hearing date will be scheduled if Ms. Bissa provides proof of service of the motion.

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: March 29, 2013

-4-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon David Parcha, at 6421 West 80th Avenue, Anchorage, AK 99502 by first class U.S. mail on March 29, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS